IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DERRICK GADSDEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:17-CV-58-WKW |
| | ) | [WO] |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

On January 31, 2020, the Magistrate Judge filed a Recommendation (Doc. # 24) that Petitioner Derrick Gadsden's *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody (Doc. # 1) be denied. Petitioner timely objected to the Recommendation. (Doc. # 27.) Upon an independent and *de novo* review of the portions of the Recommendation to which Petitioner has objected, *see* 28 U.S.C. § 636(b)(1), Petitioner's objections are due to be overruled, and the Magistrate Judge's Recommendation is due to be adopted with the following modifications.

Petitioner raises three objections. He first objects to the Magistrate Judge's recommended finding, (Doc. # 24, at 9–11), that Petitioner's counsel is not entitled to relief on his claim that his counsel rendered ineffective assistance by failing to advise him about the effects of his plea agreement, (Doc. # 27, at 1–5). In particular,

Petitioner argues that his counsel failed to advise him about the effects of a proposed stipulation reached between the Government and his counsel on May 30, 2014. For background, Petitioner does not contest that he knowingly and voluntarily entered into a written plea agreement with the Government on April 22, 2014. (*See* Docs. # 4-6, 4-7.) Later, Petitioner's counsel and the Government agreed to a proposed stipulation intended to supplement the written plea agreement. The attorneys "agreed to stipulate to a loss level for guideline purposes of [a] 12 level increase under U.S.S.G. § 2B1.1(G)." (Doc. # 4-20, at 4.) Petitioner made his disagreement with this stipulation known to his attorney (who relayed his objection to Government's counsel) and to the court. (Doc. # 4-20, at 3; Doc. # 1-5, at 5–8.) Still, this stipulation appears to have been presented to the court as a part of the parties' plea agreement. (*See* Doc. # 3, at 2; Doc. # 8-1, at 4, 32.) On August 5, the district court notified Petitioner that his plea agreement would be rejected. (Doc. # 4-10.)

Petitioner argues that he is prejudiced because the court likely would have accepted the written April plea agreement had counsel not also presented the court with the May stipulation. However, the court's contemporaneous explanation undermines this argument. The court held a hearing to explain its reasoning for rejecting the plea in which it quoted verbatim from paragraph 1-H of the Government's provisions in the April plea agreement. (Doc. # 4-11, at 5–6 ("The

parties also agree that if the calculations for the intended and actual loss amounts turn out to be higher than the original amounts stated in the plea agreement, the [G]overnment will honor the original amounts stated in the plea agreement. If the intended and actual loss amounts turn out to be lower than the original amounts stated in the plea agreement, the [G]overnment will honor the lower amount.").) The court explained that

> [i]rrespective of what [the parties'] agreement is about those guidelines, I'm going to resolve eventually . . . the dispute about the amounts of loss . . . . But when I resolve that, that resolution is going to put me into the right guideline range. And I can't be bound by a plea agreement that says that I'm going to make up some numbers and accept some other numbers, as one aspect of the paragraph H would require me to do.

(Doc. # 4-11, at 6.) The exact role that the May stipulation played in the court's reasoning is unclear, particularly because there are no "original amounts stated" in the April agreement. (*See* Doc. # 4-6.) However, it is clear that the court would not accept any agreement with a provision like paragraph 1-H.

Under these circumstances, Petitioner cannot carry his burden of showing prejudice for two reasons. First, he cannot show that it was more likely than not that the April agreement that he desired to be sentenced under would have been accepted without the May stipulation. Second, and as discussed in the recommendation, (Doc. # 24, at 10–11), Petitioner was not prejudiced because his informed choice to maintain his guilty plea eliminates any "reasonable probability that, but for

3

counsel's" failure to advise Petitioner of the possible effects of either the April plea agreement or the May stipulation "the defendant would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Therefore, Petitioner's objection is due to be overruled.

Petitioner's second objection offers no new arguments. The Magistrate Judge correctly addressed these issues in her Recommendation, (Doc. # 24, at 11–20, 28–33), and has properly denied Petitioner's motion for subpoenas and to hold this case in abeyance. (Doc. # 28.) The third objection was likewise raised and properly addressed by the Magistrate Judge. (Doc. # 24, at 21–22, 25–28.) These objections merit no further discussion.

Accordingly, it is ORDERED as follows:

1. The Magistrate Judge's Recommendation (Doc. # 24) is ADOPTED with modifications;

2. Petitioner's objections (Doc. # 27) are OVERRULED;

3. Petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody (Doc. # 1) is DENIED.

A final judgment will be entered separately.

A certificate of appealability will not be issued. For a petitioner to obtain a certificate of appealability, he must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing requires that

"reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation and internal quotation marks omitted). And, where a petition is denied on procedural grounds, he "must show not only that one or more of the claims he has raised presents a substantial constitutional issue, but also that there is a substantial issue about the correctness of the procedural ground on which the petition was denied." *Gordon v. Sec'y, Dep't of Corrs.*, 479 F.3d 1299, 1300 (11th Cir. 2007) (citations omitted). "A 'substantial question' about the procedural ruling means that the correctness of it under the law as it now stands is debatable among jurists of reason." *Id.*

Because reasonable jurists would not find the denial of Petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

DONE this 27th day of March, 2020.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE