IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DERRICK GADSDEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:17-cv-58-WKW-JTA |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

This matter is before the Court on a motion for relief from judgment under Rule 60(b)(6) of the Federal Rules of Civil Procedure (Doc. No. 45), wherein the petitioner, Derrick Gadsden, asks the Court to vacate its March 2020 judgment denying his 28 U.S.C. § 2255 motion.

### I.  BACKGROUND

In April 2014, Gadsden pled guilty to conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1343, 1349. Gadsden and his brother, David, were the leaders of a large-scale conspiracy that involved opening or causing others to open bank accounts with minimum deposits and using bad checks from those accounts to buy merchandise from various businesses. The Gadsden brothers would then resell the merchandise for a profit. Law enforcement agents identified nearly 200 members of the conspiracy. Following a sentencing hearing in November 2014, the District Court sentenced Petitioner Gadsden to 240 months in prison. Gadsden appealed, and the Eleventh Circuit affirmed his conviction and sentence in March 2016. *United States v. Gadsden*, 644 F. App'x 987 (11th Cir. 2016).

In December 2016, Gadsden filed a § 2255 motion in this Court presenting the following claims:

1. His trial counsel rendered ineffective assistance in the following ways:

    a. The relationship between him and counsel was so irreconcilably broken that it affected the integrity of the proceedings.

    b. Counsel failed to advise him of the effects the plea agreement would have on his sentencing.

    c. Counsel agreed at the sentencing hearing with the lawyer for Gadsden's codefendant brother, David, that the loss amount attributable to Gadsden and his brother was between $800,000 and $1 million.

    d. Counsel failed to object to the number of victims attributed to him at sentencing.

    e. Counsel failed to argue that the number of victims should be reduced by the same percentage by which the District Court reduced the loss amount attributed to him.

    f. Counsel failed to object to the Government's use of his proffer statements at sentencing.

    g. Counsel failed to argue he was entitled to a reduction for acceptance of responsibility.

    h. Counsel failed to challenge the Probation Office's calculation of his criminal history points.

2. The District Court erred by imposing a two-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1.

3. The District Court erred in its calculation of the restitution for which he is responsible.

4. His conviction should be vacated "for lack of jurisdiction" because some checks were not processed electronically or transmitted through interstate wire.

(Doc. No. 1 at 4–8; Doc. No. 1-1 at 7–56.)

By a motion filed in April 2019, Gadsden supplemented his § 2255 motion with matters purportedly supporting his claims regarding the number of victims and the District Court's lack of jurisdiction. (Doc. No. 18.) By a motion filed in January 2020, he supplemented his § 2255 motion with matters purportedly supporting his claim regarding the District Court's restitution calculation. (Doc. No. 19.)

On January 31, 2020, the Magistrate Judge entered a Recommendation finding that all of Gadsden's claims lacked merit. (Doc. No. 24.) On March 27, 2020, the District Court entered a Memorandum Opinion and Order adopting the Magistrate Judge's Recommendation with modifications and entered a Final Judgment denying Gadsden's § 2255 motion and dismissing the case with prejudice. (Doc. Nos. 29, 30.) Gadsden appealed, and the Eleventh Circuit denied his application for a certificate of appealability in November 2020. (Doc. No. 43.)

In his Rule 60(b) motion, which he filed on November 4, 2022, Gadsden claims, in a vague manner, that the Government failed to prove a jurisdictional element of wire-fraud conspiracy regarding one of the defrauded entities, i.e., the Water Works and Sanitary Sewer Board, entitling him, he says, to vacatur of his sentence and a new sentencing proceeding. (Doc. No. 45 at 3–7.) As explained below, the Court finds that Gadsden's Rule 60(b) motion constitutes a successive § 2255 motion filed without the required appellate

3

court authorization. And without that authorization, this Court lacks jurisdiction to consider the merits of the successive § 2255 motion.

## II. DISCUSSION

"Federal Rule of Civil Procedure 60 provides a basis, but only a limited basis, for a party to seek relief from a final judgment in a habeas case." *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007). Rule 60, like all Federal Rules of Civil Procedure, applies only to civil actions and proceedings in the United States District Court.[1] *See* Fed. R. Civ. P. 1. Rule 60 provides no vehicle for relief from a judgment in a criminal case. *See United States v. Fair*, 326 F.3d 1317 (11th Cir. 2003); *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998).

The United States Supreme Court explained in *Gonzalez v. Crosby*, 545 U.S. 524 (2005), that the Federal Rules of Civil Procedure apply to habeas proceedings to the extent they are "not inconsistent with applicable federal statutory provisions," *id.* at 529 (internal marks omitted), and that the Antiterrorism and Effective Death Penalty Act ("AEDPA") does not explicitly limit the operation of Rule 60(b). *Id*. The Act does, nonetheless, foreclose application of that rule where it would contravene the AEDPA's restrictions on successive petitions. *Id*. at 529–30. Although *Gonzalez* addressed this issue in the context of petitions for writ of habeas corpus under 28 U.S.C. § 2254, *see* 545 U.S. at 529 n.3, the

---

[1] Federal Rule of Civil Procedure 60 permits a litigant to move for relief from an otherwise final judgment in a civil case. Rule 60(b) provides, in sum, the following six bases for relief: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or (6) any other reason justifying relief from the operation of the judgment. Gadsden purports to proceed under Rule 60(b)(6).

Eleventh Circuit has stated that the holding and rationale of *Gonzalez* apply equally to proceedings under 28 U.S.C. § 2255. *United States v. Terrell*, 141 F. App'x 849, 851 (11th Cir. 2005); *see Galatolo v. United States*, 394 F. App'x 670, 672 (11th Cir. 2010). Accordingly, for the sake of clarity and simplicity, where the principles addressed by *Gonzalez* are referred to and discussed herein, this Recommendation uses nomenclature appropriate to motions for relief under § 2255.

"[W]hen faced with what purports to be a Rule 60(b) motion . . . federal courts must determine if it really is such a motion or if it is instead a second or successive application for habeas relief in disguise." *Moreland v. Robinson*, 813 F.3d 315, 322 (6th Cir. 2016) (citing *Gonzalez*, 545 U.S. at 530–31). When a federal inmate brings a motion under Rule 60(b), the district court may construe it as a 28 U.S.C. § 2255 motion and, if applicable, treat it as an unauthorized second or successive motion. *See Galatolo*, 394 F. App'x at 671. If the nominal Rule 60(b) motion is properly construed as a second or successive § 2255 motion, and the petitioner has failed to obtain authorization from the court of appeals, the district court lacks subject matter jurisdiction on the merits of any claims. *Id*.

In *Gonzalez,* 545 U.S. at 531–32, the Supreme Court provided guidance on how claims in a Rule 60(b) motion should be construed where the petitioner has filed a previous § 2255 motion that has been denied. If the Rule 60(b) motion (1) seeks to add a new claim for relief from the underlying judgment of conviction, or (2) attacks the federal court's previous resolution of a § 2255 claim on the merits, then the court should construe the Rule 60(b) motion as a second or successive § 2255 motion attacking the conviction and sentence, and dismiss it accordingly. *Id*. at 532. A "claim," as described by the Court in

5

*Gonzalez*, is "an asserted federal basis for relief from a . . . judgment of conviction." *Id*. at 530. Under *Gonzalez*, no "claim" is asserted when a Rule 60(b) motion attacks neither the underlying judgment of conviction nor the substance of the federal court's resolution of a claim on the merits, but rather attacks "some defect in the integrity of the federal habeas proceedings." *Id.* at 532–33. A Rule 60(b) motion can properly be used to attack a true "defect in the integrity of the federal habeas proceedings," *id.* at 532, or to "assert[ ] that a previous [habeas] ruling which precluded a merits determination was in error," *id*. at 532 n.4. Such motions can be ruled on by the district court without the pre-certification from the court of appeals ordinarily required for a second or successive § 2255 motion.[2] *Id.* at 538; *see Galatolo*, 394 F. App'x at 672.

Gadsden claims that the Government failed to prove a jurisdictional element of wire-fraud conspiracy regarding the Water Works and Sanitary Sewer Board, which he says entitles him to vacatur of his sentence and a new sentencing proceeding. (Doc. No. 45 at 3–7.) This constitutes a new claim asserting a basis for relief from his judgment of conviction and sentence. Consequently, under *Gonzalez*, Gadsden's self-styled Rule 60(b)

---

[2] The AEDPA provides that, to file a second or successive § 2255 motion in the district court, the movant must first move in the appropriate court of appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A). The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255(h). A district court lacks the jurisdiction to consider a successive § 2255 motion where the movant has failed to obtain permission from the appellate court to file a successive motion. *See, e.g., Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).

motion must be construed as a successive § 2255 motion. *See* 545 U.S. at 532. The result is the same under *Gonzalez* if Gadsden's present vague claim is deemed to have been asserted in his original § 2255 motion and ruled upon by this Court on the merits. (*See* Doc. No. 24 at 31–33; Doc. No. 29 at 4.) The controlling factor is that the claim, whether new or repeated, attacks the conviction and/or sentence (and not the integrity of the habeas proceeding).

The bar on unauthorized successive § 2255 motions is jurisdictional. *See In re Morgan*, 717 F.3d 1186, 1193 (11th Cir. 2013). Because Gadsden has obtained no certification from the Eleventh Circuit authorizing this Court to proceed on a successive § 2255 motion, his successive § 2255 motion should be dismissed for lack of jurisdiction. *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Gadsden's nominal Rule 60(b) motion be DISMISSED for lack of jurisdiction because it constitutes a successive § 2255 motion filed without the required appellate court authorization.

It is further

ORDERED that the parties shall file any objections to this Recommendation by **February 22, 2023**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a

party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982*). See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 7th day of February, 2023.

/s/ Jerusha J. Adams
_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE